UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JASON T. POREMBA,

        *Plaintiff,*

-against-

DISCOVER FINANCIAL SERVICES INC., DISCOVER BANK, TRANS UNION LLC, INNOVIS DATA SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES LLC,

        *Defendants.*

**COMPLAINT**

**JURY TRIAL DEMANDED**

By and through the undersigned counsel, Plaintiff Jason T. Poremba ("Plaintiff"), with knowledge as to his own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA"), Plaintiff brings this action against Defendants Discover Financial and Discover Bank (collectively, "Discover"), Trans Union LLC ("Trans Union") Innovis Data Solutions, Inc. ("Innovis"), and Equifax Information Services LLC ("Equifax") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this fee-shifting action.

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies ("CRAs") exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." FCRA § 1681(a)(4).

3. Congress also has plainly stated that the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b).

4. Similarly, courts within the Second Circuit have recognized that the FCRA offers remedies to consumers who are the victims of inaccurate credit reporting.  *See, e.g., Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (observing that the purpose of the FCRA is to address the "serious problem in the credit reporting industry . . . of inaccurate or misleading information") (internal quotation marks and emphasis omitted); *Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (stating that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . .") (citing 116 Cong. Rec. 36572 (1970)).

5. As Plaintiff recounts below, each Defendant denied Plaintiff – a victim of identity theft – the protections afforded to all consumers by the FCRA.

### Summary of Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act and/or New York Fair Credit Reporting Act

6. An identity thief opened a Discover card in Plaintiff's name.

7. That unauthorized conduct led to inaccurate credit reporting by Defendant Discover to credit bureau Defendants Trans Union, Innovis, and Equifax as well as to non-Defendant credit bureau Experian.

8. Plaintiff filed multiple disputes with the credit bureaus as required by the FCRA. Those disputes included identity theft affidavits.

9. Those disputes triggered respective obligations by the Defendants to investigate and modify or delete information each could not verify as being accurate. The credit bureau Defendants also had other obligations including to maintain reasonable procedures to assure the maximum possible accuracy of information each reported about Plaintiff and not to maintain information in their files that each had reason to believe was not accurate.

10. Nonetheless, each Defendant continued to report the inaccurate information after receiving Plaintiff's disputes in violation of the FCRA and the NY FCRA (credit bureaus only) which defamed Plaintiff.

## Jurisdiction and Venue

11. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of state claims asserted herein under New York law pursuant to 28 U.S.C. §1367(a).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

13. Plaintiff Jason T. Poremba is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)). Plaintiff resides in Southampton, New York.

14. Defendant Discover Financial Services Inc. is a Delaware corporation and is duly authorized and qualified to do business in the State of New York and is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

15. Defendant Discover Bank is a is a Delaware corporation and is duly authorized and qualified to do business in the State of New York and is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

16. Defendants Discover Financial Services Inc. and Discover Bank are collectively referred to herein as "Discover" and the "Furnisher Defendants."

17. Defendant Trans Union LLC is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York and is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L. § 380-a(e)).

18. Defendant Innovis Data Solutions, Inc. is an Ohio corporation, duly authorized and qualified to do business in the State of New York and is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L. § 380-a(e)).

19. Defendant Equifax Information Services LLC is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York and is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L.§ 380- a(e)).

20. Defendants Trans Union Innovis, and Equifax are collectively referred to herein as the "CRA Defendants."

**Statement of Facts**

21. Plaintiff Jason Poremba is a victim of inaccurate credit reporting arising out of identity theft.

22. That identity theft includes a Discover Bank credit card account with the full account number being known (the "Account").

23. That Account was reporting as "Charged Off."

24. Upon information and belief, a charged off account typically has a negative impact on a consumer's credit scores.

25. Upon information and belief, that Account did have a negative impact on one or more of Plaintiff's credit scores with each of the CRA Defendants and one or more of Plaintiff's FICO scores.

26. Plaintiff filed three identity theft affidavits with the Federal Trade Commission in which he attested that he suspected that the Discover Account was the product of identity theft. The affidavits are dated June 8, 2020, October 14, 2020, and November 27, 2020.

27. In early June 2020, Plaintiff placed an "initial fraud alert" on his Equifax credit report and disputed, inter alia, the Account directly with Equifax (the "June 2020 Dispute").

28. TransUnion also confirmed it placed a fraud alert on Plaintiff's file.

29. Upon information and belief, Equifax, in turn, forwarded a copy of this fraud alert request to Experian and TransUnion.

30. Plaintiff disputed the Account with Equifax on June 10, 2020.

31. Equifax provided Plaintiff with a "dispute summary" bearing confirmation number 0162071451. That dispute summary included as part of the "Consumer Statement" a particular "fraudulent address in Brooklyn that was used to create a Discover Card" and that he has "no knowledge of this address or any of the accounts associated with this address. My social security number was used to create these accounts without my knowledge."

32. Upon information and belief, Equifax notified Discover of Plaintiff's June 2020 Dispute but both Defendants failed to delete the Account in response to Plaintiff's June 2020 Dispute and Equifax continued to maintain information about the Account in Plaintiff's file despite having reason to know it was inaccurate.

33. Discover sent Plaintiff a letter on July 2, 2020 stating that it investigated the dispute about the Account and concluded that "the account and balance are considered valid."

34. In letters dated on or about October 14, 2020, and December 2, 2020, to the CRA Defendants and to Experian ("October 2020 Dispute") and ("December 2020 Dispute" - collectively, the "Disputes"), Plaintiff disputed, inter alia, the Account, making clear that he suspected the Discover card was the product of identity theft.

35. Upon information and belief, the Disputes each included Plaintiff's name, address, social security number, phone number, date of birth, and, upon information and belief, supporting documents such as Plaintiff's driver's license, social security card, and utility bill to verify his identity.

36. Upon information and belief, the dispute letters each also included as an exhibit a Federal Trade Commission Identity Theft Report that described the inaccurate Account. Also, the Disputes each informed the CRA Defendants that the Account was not accurately attributable to Plaintiff, was believed to be the product of identity theft, and that the Account was not related to any transaction by Plaintiff.

37. Despite Plaintiff's submission of the foregoing documents and information, the CRA Defendants failed to temporarily block the Account from Plaintiff's credit file on one or more occasions.

38. Upon information and belief, the CRA Defendants notified the Furnisher Defendants about Plaintiff's Disputes.

39. After one or more of Plaintiff's disputes, the Furnisher Defendants verified to the CRA Defendants on one or more occasions that the Account was reporting accurately even though the Furnisher Defendants could not, had either one performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

40. TransUnion and Innovis, in turn, continued to report the disputed Account even though, had they performed a reasonable reinvestigation, they could not have verified the accuracy of the disputed information. The CRA Defendants informed Plaintiff of their respective conclusions in dispute results.

41. TransUnion and Innovis also reinserted previously deleted information about the Account in violation of the FCRA and NY FCRA.

*Plaintiff's Claims Against Furnisher Defendants (Discover Entities)*

42. Based on acts and omissions set forth herein, the Furnisher Defendants are liable to Plaintiff for violating § 1681s-2(b) of the FCRA by their acts and omissions, including but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's disputes of the Account reporting on Plaintiff's credit reports after, upon information and belief, the Furnisher Defendants received notice of Plaintiff's disputes from one or more of the CRA Defendants and, upon information and belief, one or more other credit bureaus;

    b. failing to review all relevant information provided to the Furnisher Defendants by one or more of the CRA Defendants and other entities concerning Plaintiff's disputes of the Account; and

    c. failing to promptly modify, delete, or permanently block all information about the disputed Account that the Furnisher Defendants, had they conducted a reasonable investigation of Plaintiff's disputes, could not have affirmatively verified as accurate.

*Plaintiff's claims against CRA Defendants TransUnion and Innovis*

43. Based on acts and omissions described more fully below in the Statement of Facts, the CRA Defendants are liable to Plaintiff for one or more violations of (a) FCRA §§ 1681c-2, 1681e(b), 1681i, and (b) NY FCRA §§ 380-j and 380-f.

*Violations of FCRA § 1681c-2*

44. Upon information and belief, Trans Union and Equifax violated § 1681c-2 by failing to block the reporting of the disputed the Account after receiving information from Plaintiff that required it to do so.

45. Innovis reinserted the Account after deletion.

*Violations of FCRA § 1681e(b) and NY FCRA § 380-j*

46. Upon information and belief, the CRA Defendants each violated FCRA § 1681e(b) and/or NY FCRA § 380-j by failing to maintain reasonable procedures to assure the maximum possible accuracy of information it reported about Plaintiff; those consumer reports contained

inaccurate information about Plaintiff, including but not necessarily limited to the inaccurate Account.

47. Upon information and belief, the CRA Defendants each also violated NY FCRA § 380-j by maintaining in their respective credit files for Plaintiff inaccurate information. That inaccurate information included but was not necessarily limited to the Account even though each Defendant had reason to know that information in their respective credit files for Plaintiff was inaccurate.

### *Violations of FCRA § 1681i and NY FCRA § 380-f*

48. Upon information and belief, the CRA Defendants each violated FCRA § 1681i(a)(1) and NY FCRA § 380-f(a) by failing to conduct one or more reasonable reinvestigations of the Account after Plaintiff disputed its accuracy to determine whether the Account was accurately reporting.

49. Upon information and belief, the CRA Defendants each violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Account.

50. Upon information and belief, the CRA Defendants each violated FCRA § 1681i(a)(5) and NY FCRA § 380-f(b)(1) by failing to promptly delete the disputed Account from their respective credit files for Plaintiff despite the fact that the CRA Defendants, had they conducted a reasonable reinvestigation of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

51. As a direct and proximate result of Defendants' violations of the FCRA and NY FCRA recounted above, and as further described herein, Plaintiff suffered cognizable actual damages.

*Damages*

52. At all times pertinent hereto, the conduct of Defendants as well as their respective agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for the rights of Plaintiff pursuant to the FCRA and/or NY FCRA.

53. As a direct and proximate result of the willful and negligent actions, conduct, and omissions of Defendants, Plaintiff suffered cognizable actual damages, including but not limited to emotional distress, anxiety, frustration, humiliation, embarrassment, and damage to Plaintiff's reputation for creditworthiness.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FCRA BY DISCOVER ENTITIES
### (FURNISHER DEFENDANTS)

54. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

55. Based on the facts alleged in this Complaint, the Furnisher Defendants violated FCRA § 1681s-2(b) by their acts and omissions.

56. Due to these violations of § 1681s-2(b) by the Furnisher Defendants, Plaintiff suffered actual damages, including but not limited to damage to his reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

57. These violations of § 1681s-2(b)(1) were willful, rendering the Furnisher Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive

damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

58. In the alternative, the Furnisher Defendants were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY TRANS UNION, INNOVIS, AND EQUIFAX**
**(CONSUMER REPORTING AGENCIES)**

59. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

60. Based on the facts as alleged in this Complaint including those alleging on information and belief, the CRA Defendants, by their respective actions and omissions, each independently violated various provisions of the FCRA including but not necessarily limited to the following violations:

    a. TransUnion and Equifax violated 15 U.S.C. § 1681c-2;

    b. The CRA Defendants each violated 15 U.S.C. § 1681e(b);

    c. The CRA Defendants each violated 15 U.S.C. § 1681i(a)(1);

    d. The CRA Defendants each violated 15 U.S.C. § 1681i(a)(4);

    e. The CRA Defendants each violated 15 U.S.C. § 1681i(a)(5); and

61. Due to the separate and independent violations of the FCRA by the CRA Defendants, Plaintiff suffered actual damages, including but not limited to damage to Plaintiff's reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

62. These violations by one or more CRA Defendants of §§ 1681c-2, 1681e, and 1681i were willful, rendering one or more CRA Defendants liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by

the Court pursuant to § 1681n.

63. In the alternative, these FCRA violations by the CRA Defendants were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

## THIRD CAUSE OF ACTION
### VIOLATIONS OF THE NY FCRA BY TRANS UNION AND INNOVIS
### (CONSUMER REPORTING AGENCIES)

64. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

65. Based on the facts alleged in this Complaint, the CRA Defendants, by their respective actions and omissions, each independently violated various provisions of the NY FCRA (NY GBL §§ 380-380-u) including, but not necessarily limited to, the following violations:

   a. the CRA Defendants each violated § 380-j;

   b. one or more CRA Defendants each violated § 380-f;

66. These violations by the CRA Defendants of NY FCRA §§ 380-j and 380-f were willful, rendering the CRA Defendants liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to NY FCRA § 380-l.

67. In the alternative, these NY FCRA violations by the CRA Defendants were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to NY FCRA § 380-m.

68. Plaintiff is also entitled to injunctive relief restraining the CRA Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with respect to the CRA Defendants, NY GBL § 380-l and § 380-m.

2. Ordering the CRA Defendants to:

    a. immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom the CRA Defendants reported consumer credit information; and

    b. send updated and corrected credit report information to all persons and entities to whom the CRA Defendants reported inaccurate information about Plaintiff within the last three years;

3. Enjoining the CRA Defendants from violating Plaintiff's NY FCRA rights; and

4. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Adam G. Singer*
Adam G. Singer (AS7294)
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
T: 212.842.2428
E: asinger@adamsingerlaw.com
*Counsel for Plaintiff Jason T. Poremba*